# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER M. MCGRAW,** | : | CIVIL ACTION NO. 1:18-CV-1824 |
| Plaintiff | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| | : | |
| **JOHN DOES and JANE DOES 1-10,** | : | |
| **and DAUPHIN COUNTY,** | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this 4th day of April, 2019, upon consideration of the motion (Doc. 9) to dismiss filed by defendant Dauphin County pursuant to Federal Rule of Civil Procedure 12(b)(6),[1] see FED. R. CIV. P. 12(b)(6), wherein Dauphin County contends that plaintiff Christopher M. McGraw ("McGraw") fails to state a claim for municipal liability pursuant to Monell v. New York City Department of Social Services, 436 U.S. 658 (1978), and specifically contends that McGraw's singular and cursory assertion that "Dauphin County failed to properly train its officers which resulted in Defendants' violations of Plaintiff's constitutional rights," (Doc. 1 ¶ 20), absent any supporting factual allegations, fails to satisfy minimum pleading standards, (Doc. 13 at 3-6), and the court observing that, to state a Monell claim, a plaintiff must show that "the alleged constitutional transgression implements or

---

[1] Also before the court is plaintiff's motion (Doc. 16) pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to amend the complaint to identify by name the Jane Doe and John Doe defendants included therein. Our disposition of Dauphin County's motion to dismiss moots any need to address the substance of the motion for leave to amend.

executes a policy, regulation[,] or decision officially adopted by the governing body or informally adopted by custom," Mulholland v. Gov't Cty. of Berks, 706 F.3d 227, 237 (3d Cir. 2013) (citation omitted), which standard tasks a plaintiff to identify the challenged policy, attribute it to the public entity, and show a causal connection between the execution of the policy or custom and the injury suffered, see Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003), and the court further observing that, for purposes of a failure-to-train claim, the plaintiff must plead facts demonstrating that the alleged training deficiency amounts to deliberate indifference to the constitutional rights of individuals who will come into contact with the entity's employees, Thomas v. Cumberland County, 749 F.3d 217, 222 (3d Cir. 2014) (quoting Carter v. City of Philadelphia, 181 F.3d 339, 357 (3d Cir. 1999)), requiring the plaintiff to establish that the municipality "disregarded a known or obvious consequence" of its action, Connick v. Thompson, 563 U.S. 51, 61 (2011) (quoting Bd. of Comm'rs v. Brown, 520 U.S. 397, 410 (1997)), and the court noting that McGraw's complaint contains no factual allegations with respect to Dauphin County other than the conclusory assertion that Dauphin County "failed to train its officers," (Doc. 1 ¶ 20), which allegation is plainly insufficient to articulate a "plausible claim for relief," Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), and to provide Dauphin County "fair notice of what the . . . claim is and the grounds upon which it rests," Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (omission in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and the court finding that McGraw's Monell claim as presently constituted must be dismissed for failure to state a claim for which relief may be granted, but also mindful that courts

should grant leave to amend before dismissing a curable claim in a civil rights case unless amendment would be inequitable or futile, Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002), and the court concluding that, because McGraw's Monell claim is factually and not legally deficient, the claim is curable and leave to amend is appropriate, it is hereby ORDERED that:

1. Dauphin County's motion (Doc. 9) to dismiss is GRANTED.

2. Count I of McGraw's complaint is DISMISSED without prejudice to the extent it fails to state a Monell claim against Dauphin County.

3. McGraw is GRANTED leave to file an amended pleading addressing the factual deficiencies discussed herein. The amended pleading may also identify by name the Jane Doe and John Doe defendants included in the initial complaint. Any amended pleading filed pursuant to this paragraph shall be filed within 21 days of today's date.

4. McGraw's motion (Doc. 16) for leave to amend is DEEMED moot in view of the court's resolution of Dauphin County's motion to dismiss and the leave granted in paragraph 3 above.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania